AO 245D (Rev. 09/19)    Judgment in a Criminal Case for Revocations
Sheet 1



**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

MAY 15 2026

TAMMY H. DOWNS, CLERK

By: _____
DEP CLERK

# UNITED STATES DISTRICT COURT
### Eastern District of Arkansas

UNITED STATES OF AMERICA

v.

DOYLE D. PEAL

)
)
)
)
)
)
)
)
)
)
)

**JUDGMENT IN A CRIMINAL CASE**

(For **Revocation** of Probation or Supervised Release)

Case No.    4:08-CR-00284-JM-01

USM No.  19107-009

Laurtaneous Jarrett
_____
Defendant's Attorney

## THE DEFENDANT:

☑ admitted guilt to violation of condition(s)    Special 6, 11, 12, and 13    of the term of supervision.

☐ was found in violation of condition(s) count(s) _____ after denial of guilt.

The defendant is adjudicated guilty of these violations:

| Violation Number | Nature of Violation | Violation Ended |
|---|---|---|
| 3 - Special (6) | Viewing "visual depictions" of "sexually explicit conduct" | 03/18/2026 |
| 4 - Special (11) | Going to a place where children under age of 18 are likely to be | 03/18/2026 |
| 5- Special (12) | Possession or use of a computer without permission | 03/18/2026 |
| 6 - Special (13) | Failure to allow probation to install computer monitoring software | 03/18/2026 |

The defendant is sentenced as provided in pages 2 through ___5___ of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☑ The defendant has not violated condition(s) 1 - Mandatory (2) and 2 - Mandatory (7) and is discharged as to such violation(s) condition.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

Last Four Digits of Defendant's Soc. Sec. No.:  3940

Defendant's Year of Birth:      1951

City and State of Defendant's Residence:
Bauxite, Arkansas

05/15/2026
_____
Date of Imposition of Judgment

_____
Signature of Judge

JAMES M. MOODY JR., U.S. DISTRICT JUDGE
_____
Name and Title of Judge

5\15\26
_____
Date

AO 245D (Rev. 09/19)    Judgment in a Criminal Case for Revocations
                        Sheet 2— Imprisonment

DEFENDANT: DOYLE D. PEAL
CASE NUMBER: 4:08-CR-00284-JM-01

## IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of :
TEN (10) MONTHS

☑  The court makes the following recommendations to the Bureau of Prisons:

The Court recommends designation to FCI Oakdale.

☑  The defendant is remanded to the custody of the United States Marshal.

☐  The defendant shall surrender to the United States Marshal for this district:

    ☐  at  _____  ☐ a.m.  ☐ p.m.  on  _____ .

    ☐  as notified by the United States Marshal.

☐  The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐  before 2 p.m. on  _____ .

    ☐  as notified by the United States Marshal.

    ☐  as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on  _____  to  _____

at  _____  with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By  _____
DEPUTY UNITED STATES MARSHAL

AO 245D (Rev. 09/19)    Judgment in a Criminal Case for Revocations
Sheet 3 — Supervised Release

Judgment—Page __3__ of __5__

DEFENDANT:  DOYLE D. PEAL
CASE NUMBER:  4:08-CR-00284-JM-01

# SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of :

LIFE

# MANDATORY CONDITIONS

1.   You must not commit another federal, state or local crime.
2.   You must not unlawfully possess a controlled substance.
3.   You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*
4.   ☐ You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*
5.   ☑ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
6.   ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
7.   ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

AO 245D (Rev. 09/19)    Judgment in a Criminal Case for Revocations
                        Sheet 3A — Supervised Release

Judgment—Page __4__ of __5__

DEFENDANT:  DOYLE D. PEAL
CASE NUMBER:  4:08-CR-00284-JM-01

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1.   You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2.   After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3.   You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4.   You must answer truthfully the questions asked by your probation officer.
5.   You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6.   You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7.   You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8.   You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9.   If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10.  You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11.  You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12.  If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13.  You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature _____    Date _____

AO 245D (Rev. 09/19)    Judgment in a Criminal Case for Revocations
                        Sheet 3B — Supervised Release

Judgment—Page __5__ of __5__

DEFENDANT: DOYLE D. PEAL
CASE NUMBER: 4:08-CR-00284-JM-01

## ADDITIONAL SUPERVISED RELEASE TERMS

14) Pursuant to the Violent Crimes Control Act, defendant will be subject to a special condition of drug testing while on supervised release under the guidance and supervision of the U.S. Probation Office.

15) The defendant must participate in mental health counseling specializing in sexual offender treatment under the guidance and supervision of the probation officer and abide by the rules, requirements, and conditions of the treatment program, including submitting to polygraph testing to aid in the treatment and supervision process. The results of the polygraph examinations may not be used as evidence in Court to prove that a violation of community supervision has occurred but may be used for investigative purposes. The information may also be considered in a hearing to modify release conditions. The defendant must contribute to the costs of such treatment and polygraphs based on his ability to pay.

16) The defendant must participate in mental health counseling under the guidance and supervision of the U.S. Probation Office.

17) The defendant must comply with state statutes regarding sex offender residency restrictions.

18) The defendant must register with the state sexual offender registration agency, or agencies, in any state where he resides, visits, is employed, carries on a vocation, or is a student, as directed by the probation officer. Registration must occur within 72 hours of non-imprisonment sentencing or release from imprisonment.

19) The probation officer will provide state officials with all information required under any sexual predator and sexual offender notification and registration statutes and may direct the defendant to report to these agencies personally for required additional processing, such as photographing, fingerprinting, and DNA collection.

20) The defendant may have no direct contact with minors (under the age of 18) without the written approval of the probation officer and must refrain from entering into any area where children frequently congregate including, out not limited to, schools, daycare centers, theme parks, theaters, and playgrounds. equipment), without approval of the probation officer, including magazines, literature, videos, CD's, DVD's, digital media, or photographs.
network system. all rules and requirements of the program.

21) The defendant may not own or possess any type of camera, photographic device, or equipment (including video recording equipment), without approval of the probation officer.

22) The defendant may not possess or view any form of media containing pornographic images or sexually explicit material including magazines, literature, videos, CDs, DVDs, digital media, or photographs.

23) The defendant may not use any computer (whether or not equipped with a modem or access to the Internet) at any location without first receiving written permission from the probation officer. This includes access through any Internet service provider, bulletin board system, gaming system, onhne social networking activities, or any public or private computer network system.

24) The defendant must participate in a computer and Internet monitoring program by the probation office and must abide by all rules and requirements of the program.

25) The defendant must disclose financial information upon request of the U.S. Probation Office, including, but not limited to loans, lines of credit, and tax returns.  This also includes records of any business with which the defendant is associated.